STATE OF NORTH CAROLINA v. JAMES KERMIT MIZELLE

No. 721SC555

(Filed 2 August 1972)

1. **Criminal Law § 43— motion pictures — admissibility for purposes of corroboration**

     The admission of pornographic movies into evidence in an incest prosecution for the sole purpose of corroborating a witness's testimony did not constitute prejudicial error.

2. **Searches and Seizures § 1— warrantless search of premises not belonging to defendant**

     Pornographic movies owned by defendant in an incest prosecution were not the fruits of an unlawful search and seizure where evidence tended to show that the victim concealed the film strips on her mother's property and the mother requested and permitted the sheriff to go upon the property to get the film strips.

3. **Criminal Law § 113— failure of court to give special instructions on corroborative evidence — no error**

     It was not error for the trial court in an incest prosecution to allow movies into evidence for the purpose of corroboration without giving the jury special instructions on corroborative evidence, absent a request for such instructions by defendant.

APPEAL by defendant from *Tillery, Judge,* 6 March 1972 Session of Superior Court held in CHOWAN County.

Defendant was charged in a bill of indictment, proper in form, with the felony of carnal intercourse with his natural daughter. G.S. 14-178.

The State's evidence tended to show that defendant first began making sexual advances towards his daughter when she was twelve years of age. At age fifteen he showed pornographic movies to her, and he and she would sometimes participate in the same act as depicted on the film. Defendant had sexual intercourse with his fifteen year old daughter on several occasions. The last occasion was on 14 November 1971.

The daughter related all of the instances to her minister, her minister's wife, and to the sheriff. She turned over to the sheriff the movies which she identified as having been shown to her by defendant, and these movies were shown to the jury at defendant's trial.

Defendant's evidence tended to contradict the material portions of the State's evidence; however, he admitted ownership of the pornographic movies which were offered in evidence.

Upon a verdict of guilty as charged, judgment was entered that defendant be imprisoned for a term of not less than twelve nor more than fifteen years. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Weathers, for the State.*

*Twiford and Abbott, by Christopher L. Seawell, for the defendant.*

BROCK, Judge.

[1] Defendant argues that it was prejudicial error to allow into evidence the pornographic movies and the exhibition of them to the jury. He argues that defendant's possession of these movies is equally as consistent with his innocence as with his guilt. He relies upon *State v. Stone,* 240 N.C. 606, 83 S.E. 2d 543.

The movies were not offered in this case as substantive evidence of defendant's guilt of incest. They were offered to corroborate the testimony of the daughter. For this purpose they were properly admitted.

[2] Defendant argues that it was prejudicial error to allow the movies into evidence because they were obtained by an illegal search and seizure. The trial judge conducted a full evidentiary hearing upon this question. The evidence tended to show that the daughter secured all of the film strips at the suggestion of her minister's wife. Because of their weight, she hid them beside a tree on her mother's property. Her mother thereafter requested and permitted the sheriff to go upon the property to get the film strips. The trial judge ruled, and we agree, that the search and seizure was proper.

[3] Defendant argues that it was prejudicial error for the judge to allow the movies into evidence without giving the jury special instructions on corroborative evidence. If defendant desired such instructions, he should have requested them. It was not error for the court to fail to give the instuctions, absent a request.

No error.

Judges MORRIS and HEDRICK concur.